UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARTHA DIANE TOWNSEND and
KARLEAN VICTORIA GREY-ALLEN,

                      Plaintiffs,          **MEMORANDUM DECISION AND ORDER**

    -against-

                                    05 Civ. 9378 (GAY)

BENJAMIN ENTERPRISES, INC.,
HUGH BENJAMIN and MICHELLE
BENJAMIN,

                      Defendants.
-----------------------------------------------------------X

       Plaintiffs Martha Diane Townsend and Karlean Victoria Grey-Allen are former employees of defendant Benjamin Enterprises, Inc. Defendant Michelle Benjamin is the President of Benjamin Enterprises, Inc.; her husband, Hugh Benjamin, is the corporation's Vice-President. Townsend asserts claims against defendants for hostile work environment and constructive discharge, based upon her allegation that Hugh Benjamin sexually harassed her. Grey-Allen alleges that defendants terminated her employment in retaliation for her active participation in the investigation of Townsend's sexual harassment allegations.[1] Presently before this Court are defendants' motion for summary judgment and plaintiff's motion for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the **parties' cross-motions are DENIED**.[2]

---

[1] Plaintiffs allege claims pursuant to Title VII of the Civil Rights Act of 1964 and New York State Human Rights Law.

[2] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

Defendants contend that they are entitled to summary judgment on Grey-Allen's retaliation claim because she cannot demonstrate that Michelle Benjamin's stated reason for terminating Grey-Allen is pretextual. Contrary to defendants' contentions, based upon a review of the record, questions of fact exist which preclude summary judgment on the retaliation claim including, but not limited to, whether Grey-Allen's involvement in the investigation was a motivating factor in defendants' decision to terminate her employment. Accordingly, defendants' motion for summary judgment as to Grey-Allen's retaliation claim is denied.

Defendants also argue that summary judgment should be granted in their favor as to Townsend's hostile work environment and constructive discharge claims, based upon defendants' assertion of the *Faragher-Ellerth* affirmative defense.[3] The *Faragher-Ellerth* decisions set forth the standard governing employer liability for hostile environment harassment by supervisory employees. See Pennsylvania State Police v. Suders, 542 U.S. 129, 143 (2004). Under *Faragher-Ellerth*, "when no tangible employment action is taken, the employer may defeat vicarious liability for supervisor harassment by establishing, as an affirmative defense, both that 'the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior,' and that 'the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" See id. at 145-46 (quoting Faragher, 524 U.S. at 807; Ellerth, 524 U.S. at 765). Plaintiff, however, cross-moves for partial summary judgment on the ground that

---

[3] See Faragher v. Boca Raton, 524 U.S. 775 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998) (decided the same day as Faragher).

the defendants are not entitled to assert the *Faragher-Ellerth* affirmative defense because the alleged harasser, Hugh Benjamin, is the employer's proxy or alter-ego.

In the first instance, although it appears the Second Circuit has not addressed the issue, this Court is guided–and persuaded–by the decisions of courts in other Circuits which have held that the *Faragher-Ellerth* defense does not apply where the alleged harasser is the organization's proxy. See Ackel v. National Commc'ns, Inc., 339 F.3d 376 (5th Cir. 2003); Johnson v. West, 218 F.3d 725 (7th Cir. 2000); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493 (9th Cir. 2000); Bishop-Joseph v. Monroe, No. 5:04-2319, 2007 WL 2008551, at *1 (D.S.C. July 5. 2007); Haught v. The Louis Berkman, LLC, 377 F. Supp.2d 543 (N.D.W.Va. 2005).

A careful reading of Faragher and Ellerth compels the same conclusion. In Faragher, the Supreme Court discussed the development of Title VII hostile environment caselaw and noted that, in many of the previously litigated cases, the standard for determining employer liability was not at issue. See Faragher, 524 U.S. at 788-89. The Court cited, as an example, its earlier decision in Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993), where the employer was held liable because "the individual charged with creating the abusive atmosphere was the president of the corporate employer, who was indisputably within that class of an employer organization's officials who may be treated as the organization's proxy." Id. at 789 (internal citation omitted). The Court next noted that "there is nothing remarkable in the fact that claims against employers for discriminatory employment actions with tangible results, like hiring, firing, promotion, compensation, and work assignment, have resulted in employer liability once the discrimination was shown." Id. at 790. In Ellerth, the Supreme Court noted that

that Title VII's definition of "employer" includes the employer's "agents" and that Title VII should be interpreted based on agency principles. See Ellerth, 524 U.S. at 754. The Court also stated "when a supervisor takes a tangible employment action against a subordinate . . . it would be implausible to interpret agency principles to allow an employer to escape liability" because "a tangible employment action taken by the supervisor becomes for Title VII purposes the act of the employer." Id. at 762-63. In sum, this Court concludes that Faragher and Ellerth delineate two types of situations where the employer is automatically liable: (1) when the harassing supervisor holds a sufficiently high position in the organization's hierarchy for his acts to be deemed the acts of the employer itself, and (2) when the supervisor's harassment culminates in a tangible employment action.

Nonetheless, a review of the record reveals a question of fact as to whether Hugh Benjamin held a sufficiently high position in the corporation's hierarchy such that the *Faragher-Ellerth* affirmative defense is unavailable. Accordingly, defendants' motion for summary judgment is denied as to the remaining claims, and plaintiff's motion for partial summary judgment is also denied.

**A telephone conference will be conducted on April 1, 2008 at 9:00 a.m. Plaintiff shall initiate the call.**

Dated: March 12, 2008
White Plains, New York

SO ORDERED:

GEORGE A. YANTHIS, U.S.M.J.

4