UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARTHA DIANE TOWNSEND and
KARLEAN VICTORIA GREY-ALLEN,

                Plaintiffs,         **MEMORANDUM DECISION
                                                  AND ORDER**

    -against-
                                                      05 Civ. 9378 (GAY)

BENJAMIN ENTERPRISES, INC.,
HUGH BENJAMIN and MICHELLE
BENJAMIN,

                Defendants.
-----------------------------------------------------------X

      Plaintiffs Martha Diane Townsend and Karlean Victoria Grey-Allen are former employees of defendant Benjamin Enterprises, Inc. Defendant Michelle Benjamin is the President of Benjamin Enterprises, Inc.; her husband, Hugh Benjamin, is the corporation's Vice-President. Townsend asserts claims against defendants for hostile work environment and constructive discharge, based upon her allegation that Hugh Benjamin sexually harassed her. Grey-Allen alleges that defendants terminated her employment in retaliation for her active participation in the investigation of Townsend's sexual harassment allegations.[1]

      On March 13, 2008, this Court entered a Memorandum Decision and Order denying defendants' motion for summary judgment and plaintiffs' cross-motion for partial summary judgment.[2] Presently before this Court is defendants' motion for

---

[1] Plaintiffs allege claims pursuant to Title VII of the Civil Rights Act of 1964 and New York State Human Rights Law.

[2] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

reconsideration pursuant to Local Rule 6.3 of the Local Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted in part and denied in part.

## I. STANDARD OF REVIEW

A party seeking reconsideration "must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion that might have altered the result reached by the Court." See Zakre v. Norddeutsche Landesbank Girozentrale, No. 03 Civ. 0257, 2006 WL 1489245, at *1 (S.D.N.Y. May 30, 2006) (quotation and citation omitted). "Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." USA Certified Merchants, LLC v. Koebel, 273 F. Supp.2d 501, 502 (S.D.N.Y. 2003).

## II. APPLICATION OF THE PROXY DOCTRINE

Defendants move for reconsideration on the grounds that this Court overlooked undisputed facts that preclude the application of the proxy doctrine. Having reviewed the parties' submissions in conjunction with their cross-motions for summary judgment, the Court adheres to its previous decision.

## III. PLAINTIFF GREY-ALLEN

At all relevant times, plaintiff Grey-Allen was employed as defendant Benjamin Enterprises's Human Resource Director. She alleges that defendants terminated her

employment in retaliation for her active participation in the investigation of plaintiff Townsend's sexual harassment allegations.  Defendants presently move for reconsideration of the denial of their summary judgment motion as to Grey-Allen's claim, on the ground that this Court overlooked undisputed facts that prove Grey-Allen did not engage in protected activity.

Based upon defendants' Memorandum of Law in support of their motion for summary judgment, the Court interpreted defendants' argument for dismissal of Grey-Allen's claim to be grounded in the lack of evidence of pretext.  As plaintiffs noted in their responsive Memorandum of Law, defendants did not appear to argue that Grey-Allen failed to establish her prima facie case of retaliation.  However, this Court erroneously overlooked defendants' clarification of their argument in their Reply brief–which indeed crystallizes defendants' contention that Grey-Allen did not engage in protected activity.  In order to correct this oversight, the Court now considers defendants' argument that Grey-Allen fails to establish a prima facie case of retaliation.

In order to establish a prima facie case of retaliation, "plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that she engaged in protected participation or opposition under Title VII . . ., (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e. that a retaliatory motive played a part in the adverse employment action."  See Kessler v. Westchester Co. Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006)

(quotation and citation omitted).[3]  As to the first prong, section 704(a) of Title VII makes it unlawful to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  Thus, a plaintiff may establish that she engaged in protected activity either under the "opposition" clause or under the "participation" clause.

Grey-Allen concedes that she cannot claim protection under the opposition clause because she lacked a good faith belief that Townsend was sexually harassed. See Wimmer v. Suffolk Co. Police Dep't, 176 F.3d 125, 134 (2d Cir. 1999) (protection under opposition clause requires "good faith, reasonable belief that the underlying challenged actions of the employer violated the law").  Grey-Allen asserts, instead, that she engaged in protected activity under the participation clause because she actively participated in Townsend's sexual harassment investigation.  "However, in order to gain protection under the participation clause, the participation must be in an investigation or proceeding covered by Title VII, and thus not in an internal employer investigation." Correa v. Mana Prods., Inc., No. CV-04-2344. 2008 WL 728903, at *8 (E.D.N.Y. Mar. 17, 2008).  Here, it is undisputed that Grey-Allen's investigation was conducted pursuant to her employer's internal procedures; more to the point, Grey-Allen's actions were not associated with any Title VII proceeding.  Therefore, Grey-Allen fails to

---

[3] Courts analyze retaliation claims under the New York Human Rights Law in the same manner as Title VII claims.  See McDonald v. B.E. Windows Corp., No. 01 Civ. 6707, 2003 U.S. Dist. LEXIS 7472, at *6 n.1 (S.D.N.Y. May 5, 2003).

establish her prima facie case because she proffers no evidence that she engaged in protected activity. Accordingly, defendants are entitled to summary judgment as to Grey-Allen's retaliation claims.

## IV. CONCLUSION

For all of the foregoing reasons, defendants' motion for reconsideration is **GRANTED IN PART and DENIED IN PART**, and Grey-Allen's retaliation claims are dismissed.

**A telephone conference will be conducted on May 2, 2008 at 9:00 a.m. Plaintiff shall initiate the call.**

Dated: April 17, 2008
       White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.