UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARTHA DIANE TOWNSEND,

                Plaintiff,

       -against-

BENJAMIN ENTERPRISES, INC.,
HUGH BENJAMIN and
MICHELLE BENJAMIN,

              Defendants.

-------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

05 Civ. 9378 (GAY)

By Memorandum Decision and Order dated October 2, 2009, this Court granted plaintiff's motion for attorneys' fees and costs and awarded plaintiff the amount of $141,308.80, reflecting $3,246.83 in costs and $138,061.97 in attorneys' fees.  In reaching its determination of the presumptively reasonable fee amount to be awarded, the Court made several specific reductions to requested time expenditures, including a reduction of 10.4 hours of Mr. Bergstein's compensable time spent drafting the reply brief.  The Court disallowed said time because the requested hours were not supported by contemporaneous time records.  Presently before this Court is plaintiff's motion pursuant to Local Rule 6.3 for an order reconsidering her motion for reasonable attorneys' fees and costs to the extent that this Court denied fees for time expended on the reply papers.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  See In re Health Mgmt. Sys. Inc., Sec. Litig., 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000)

(quotation and citation omitted).  "A motion for reconsideration . . . is appropriate where the court has overlooked controlling decisions or factual matters *that were put before it on the underlying motion* . . . and which, had they been considered, might have reasonably altered the result before the court."  Greenwald v. ORB Commc'ns & Mktg., Inc., No. 00 Civ. 1939, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quotation and citation omitted) (emphasis added).  In other words, a party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court."  See Gjoni v. Home Depot, Inc., No. 99 Civ. 1849, 2002 WL 91623, at *1 (S.D.N.Y. Jan. 23, 2002) (citations omitted).

Here, in his reply affirmation in support of the prior fee motion, Mr. Bergstein summarized the hours expended in drafting the reply affirmation and memorandum of law.  As noted above, the Court disallowed the 10.4 hours requested because there was no affirmation that the expenditures of time had been tracked contemporaneously rather than recalled and recreated (albeit a short time later) when the reply affirmation was drafted.       Now, in support of the instant motion, Mr. Bergstein has submitted an affirmation wherein he avers that he "kept track of [his] hours expended and then transferred those notes to the typewritten affirmation no more than several days later when [he] finalized the affirmation for filing."  Had the present affirmation been presented to the Court at the time the fee motion was decided, there would have been no cause to disallow the 10.4 hours at issue.  Unfortunately, the essential affirmation was *not* presented to the Court in support of the fee motion and, thus, cannot be considered on a motion for reconsideration.  Accordingly, plaintiff's motion for reconsideration is **DENIED**.

2

The Clerk of the Court is respectfully requested to terminate the pending motion (Docket #69).


Dated: November ___, 2009
       White Plains, New York

**SO ORDERED:**

GEORGE A. YANTHIS, U.S.M.J.

3